RENDERED:  MARCH 22, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0785-MR

RUSSELL LEBERECHT $\hspace{4cm}$ APPELLANT

v. $\hspace{2cm}$ APPEAL FROM CAMPBELL CIRCUIT COURT
HONORABLE ABIGAIL E. VOELKER, JUDGE
ACTION NO. 15-CI-01054

KARA BISHOP LEBERECHT $\hspace{3cm}$ APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ACREE AND CALDWELL, JUDGES.

THOMPSON, CHIEF JUDGE:  Russell Leberecht appeals from orders of the

Campbell Circuit Court, Family Division, which ordered him to pay Kara

Leberecht $308.52 per month in child support.  The trial court believed Appellant

was voluntarily underemployed and imputed income to him.  We find no error and

affirm.

## FACTS AND PROCEDURAL HISTORY

The parties were divorced in September of 2017. As part of the divorce, Appellant was ordered to pay Appellee child support. At the time of the divorce, Appellant was working as a police officer. On May 3, 2022, Appellant filed a motion to modify his child support due to a change in his income. He had retired from the police force, was collecting a full retirement from the police force, and was also working a lower paying job.

Prior to his retirement, Appellant was making around $84,000 a year. After retirement, Appellant was receiving $3,075 a month from his retirement plan and earning $1,950 a month from his new job. This equals $60,300 a year. The court believed Appellant was underemployed and should be required to pay child support based on the pre-retirement income of $84,000 a year, or $7,000 a month. The court ordered Appellant to pay $308.52 a month in child support. This appeal follows.

## STANDARD OF REVIEW

"As are most other aspects of domestic relations law, the establishment, modification, and enforcement of child support are prescribed in their general contours by statute and are largely left, within the statutory parameters, to the sound discretion of the trial court. This discretion is far from unlimited." *Van Meter v. Smith*, 14 S.W.3d 569, 572 (Ky. App. 2000) (citations

omitted). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

## ANALYSIS

Appellant argues on appeal that the trial court erred in finding him voluntarily underemployed and by imputing income to him. Appellant argues that his retirement from the police force was reasonable due to the inherent dangers of such a job. Furthermore, Appellant worked for the police force for over twenty years and was eligible to receive his full retirement package. Finally, he claims that the work hours of his previous job were long and unpredictable; therefore, he was not able to parent his children as much as he would have liked.

Kentucky Revised Statutes (KRS) 403.212(3)(e) states:

1. If there is a finding that a parent is voluntarily unemployed or underemployed, child support shall be calculated based on a determination of potential income, except that a finding of voluntary unemployment or underemployment and a determination of potential income shall not be made for a parent who is incarcerated, physically or mentally incapacitated, or is caring for a very young child, age three (3) or younger, for whom the parents owe a joint legal responsibility;

2. A court may find a parent is voluntarily unemployed or underemployed without finding that the parent intended to avoid or reduce the child support obligation; and

3. Imputation of potential income, when applicable, shall include consideration of the following circumstances of the parents, to the extent known:

   a. Assets and residence;

   b. Employment, earning history, and job skills;

   c. Educational level, literacy, age, health, and criminal record that could impair the ability to gain or continue employment;

   d. Record of seeking work;

   e. Local labor market, including availability of employment for which the parent may be qualified and employable;

   f. Prevailing earnings in the local labor market; and

   g. Other relevant background factors, including employment barriers[.]

"[I]f the court finds that earnings are reduced as a matter of choice and not for reasonable cause, the court may attribute income to a parent up to his or her earning capacity." *Snow v. Snow*, 24 S.W.3d 668, 673 (Ky. App. 2000) (internal quotation marks and citation omitted).

> [T]he court must consider the totality of the circumstances in deciding whether to impute income to a parent. Indeed, KRS 403.212[] specifies that [p]otential income shall be determined based upon employment potential and probable earnings level based on the obligor's or obligee's recent work history, occupational qualifications, and prevailing job opportunities and earnings levels in the community.

*Polley v. Allen*, 132 S.W.3d 223, 227 (Ky. App. 2004) (internal quotation marks omitted).

Appellant cites to the case of *Bottoms v. Bottoms*, No. 2017-CA-000568-ME, 2018 WL 565819 (Ky. App. Jan. 26, 2018), in support of his argument. In *Bottoms*, Shawnta and Rodney Bottoms were married and had three children. At the time of their divorce, only one child was still a minor. A dissolution decree was entered on February 17, 2016. A previously entered into settlement agreement was incorporated into the decree. The agreement stated that Rodney would pay Shawnta $466 per month in child support. In November of 2016, Rodney moved to modify his child support. During the marriage, Rodney was employed by the United States military; however, he had recently retired and his income had decreased from over $8,000 per month to around $2,300 per month. Shawnta opposed the motion.

A hearing was held on the motion. Appellant testified that he was forty-six years old and had retired from the military after twenty-eight years of service. He testified that he was currently suffering from a multitude of health problems and was unable to work. Based on Rodney's testimony, the trial court held that his child support payment was no longer appropriate and terminated his child support obligation.

On appeal, Shawnta argued that Rodney voluntarily reduced his income by retiring at forty-six years of age, long before the usual American retirement age. She argued his retirement was unreasonable and he should be held to be voluntarily underemployed. The Court of Appeals held that it believed Rodney's decision to retire was reasonable. *Id.* at \*3. The Court held that he retired at an age that the United States Congress deemed appropriate to receive retirement pay, even though it was before the traditional age of retirement. In addition, the Court took into consideration Rodney's physical condition and concluded that his retirement was reasonable and he was not underemployed. *Id.* at \*4.

We believe the case at hand is distinguishable from *Bottoms*. Here, there was no evidence that Appellant is physically disabled or unable to find additional employment. In fact, he is receiving a salary from another job along with his retirement benefits. We believe this case more resembles the case of *Blicharz v. Hillard*, No. 2018-CA-000163-ME, 2018 WL 6721319 (Ky. App. Dec. 21, 2018). In *Blicharz*, Robert Blicharz moved to modify his child support payments upon his retirement from the Illinois Transit Authority. At the time of his retirement, he was forty-five years old, had no physical or medical limitations, and had no intention to work again. In addition, at the time of his retirement, he was making $5,914.43 per month. After his retirement, Robert began receiving

$3,265.88 per month from his pension.  He also unilaterally reduced his child support payments from around $970 a month to around $750 a month.

Deana Hillard, the mother of the children, then moved to increase Robert's child support.  After a hearing, the trial court found that Robert was voluntarily unemployed and imputed to him his full pre-retirement income and set his child support at over $1,000 per month.  On appeal, Robert argued that the trial court erred in finding him voluntarily unemployed.  The Court of Appeals affirmed and held that Robert's retirement was not reasonable under the circumstances.  The Court stated:

> Robert was forty-five years old when he took his early retirement.  He did not suffer from any disabilities or physical limitations.  At the time, he had two minor children – one was sixteen years old and the other was fifteen.  Robert was otherwise capable of continuing his employment until all his children had become emancipated.  As the trial court suggested at the last hearing, even a part-time job with a minimal skill requirement would give Robert supplemental income to make up the difference between his retirement and imputed income for a few remaining years.  By Robert's own admission, his current pension income is about the same as his take-home pay was before he retired.  Although the trial court also noted Robert has the right to retire, and there is no evidence of bad faith, it is uncommon for people with minor children to retire because the obligation to support them continues until they become emancipated.

*Id.* at *4.

In *Bottoms*, the parent who retired was physically unable to return to work and the Court held that his retirement was reasonable. In *Blicharz*, the parent who retired could continue to work and his retirement was unreasonable. In the case at hand, Appellant is capable of employment and has found additional employment; however, he receives less income overall. There was no evidence presented to the trial court that Appellant could not continue to be a police officer or was physically incapable of other work. Appellant is commended for finding additional employment after his retirement, but the trial court did not abuse its discretion in concluding he was underemployed based on these circumstances. We find no error.

Appellant also argues on appeal that the trial court erred in not making specific findings of fact. Appellant argues that the court found him to be underemployed, but did not explain why. Although not specifically stated by Appellant, it appears as though he is arguing that the trial court did not discuss the imputation of potential income factors set forth in KRS 403.212(3)(e)3.

We find that this issue was waived by Appellant because the alleged lack of findings was not raised in the court below. Kentucky Rules of Civil Procedure (CR) 52.04 states:

> A final judgment shall not be reversed or remanded because of the failure of the trial court to make a finding of fact on an issue essential to the judgment unless such failure is brought to the attention of the trial court by a

written request for a finding on that issue or by a motion pursuant to Rule 52.02.

Here, the trial court's order set forth Appellant's previous income and the income he receives post-retirement. The court held that Appellant was underemployed based on the difference in his pre- and post-retirement income. These findings would show that that court did consider KRS 403.212(3)(e)3.b. and d. It is unclear if the court considered the rest of the KRS 403.212(3)(e)3. factors, but that is because Appellant did not seek additional findings. We conclude that the court's findings in this case were sufficient and that Appellant should have moved for additional findings if he believed they were inadequate.

## CONCLUSION

Based on the foregoing, we affirm the judgment of the trial court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Jennifer B. Landry
Ft. Mitchell, Kentucky

BRIEF FOR APPELLEE:

Rene B. Heinrich
Newport, Kentucky